UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

**SHANE WORTH,**

      **Plaintiff,**

**vs.**                                     **CASE NO.:**

**CARMINE MARCENO, in his official
capacity as Sheriff of Lee County, Florida,
and SONIA COLON, individually,**

      **Defendants.**
_____/

## COMPLAINT

COMES NOW the Plaintiff, SHANE WORTH, by and through undersigned counsel and sues the Defendant, CARMINE MARCENO, in his official capacity as Sheriff of Lee County, Florida, and SONIA COLON, individually, as follows:

1.     This is a civil action arising under the laws of the United States and is brought pursuant to the Americans with Disabilities Act of 1990 (ADA) (42 U.S.C.A. §§ 12101 et seq.) which incorporates by reference the Civil Rights Act of 1964 codified at 42 U.S.C.A. §§ 2000e et seq. and Section 102 of the Civil Rights Act of 1991, 42 U.S.C.A. § 1981a. This court has jurisdiction of the claims pursuant to 28 U.S.C.A. §§ 1331, 1343.

2.     Venue in the Fort Myers division of the United States Middle District of Florida is proper under 28 U.S.C.A. § 1391(b) and 42 U.S.C.A. § 2000e-5(f)(3).

## PARTIES

3.     Plaintiff SHANE WORTH ("SHANE") is a citizen of the United States and a resident of Lee County, Florida, which is in the United States Middle District of Florida, Fort Myers Division.

1

4.      Defendant, CARMINE MARCENO, in his official capacity as Sheriff of Lee County, Florida ("LCSO") is the Sheriff of Lee County, Florida and is authorized by the Florida Statutes to carry out his duties in Lee County, Florida which is in the United States Middle District of Florida, Fort Myers Division, and at all times pertinent to this action, LCSO has been engaged in an industry affecting commerce and has fifteen (15) or more employees for each working day in each of twenty (20) or more calendar weeks in the current or preceding calendar year. Additionally, Defendant LCSO, at all times pertinent to this action, was the employer of Defendant, SONIA COLON, and Plaintiff.

5.      Defendant SONIA COLON ("Colon") is a citizen of the United States and a resident of Lee County, Florida which is in the United States Middle District, Fort Myers Division and at all times pertinent to this action has been an employee of LCSO with full supervisory authority over SHANE.

## GENERAL ALLEGATIONS

6.      At a young age SHANE was diagnosed with autism which is considered a disability as defined by the Americans With Disabilities Act, 42 U.S.C. §12001 et seq.

7.      Despite his disability, SHANE has shown an enthusiasm for remaining productive and participating as an employee in a workplace.

8.      Prior to working with LCSO, SHANE was assigned a job coach, Pat Partin, through All America Works, to assist him in obtaining and maintaining employment.

9.      All America Works is a company that helps individuals with disabilities to find and maintain employment in the community.

10.     On or about October 20, 2017 SHANE accepted a position working for LCSO as a non-certified officer at the jail facility making approximately $11.64 per hour.

2

11.     As part of SHANE's employment package, LCSO also paid for Plaintiff's medical and dental insurance, provided vacation pay, and had in place a pension matching system.

12.     SHANE began his first day of work for LCSO on November 3, 2017.

13.     On or about December 9, 2017 Plaintiff was reassigned to work in the Records Department for the same rate of pay, under the supervision of COLON.

14.     SHANE enjoyed his position and appeared to be mastering the tasks required in his position.

15.     On February 16, 2018, Mrs. Partin sent an email to COLON to introduce herself, offer assistance if needed, request copies of SHANE's training documents, and ask questions about COLON's expectations of SHANE so she could assist SHANE after hours to ensure his continued progress in his position.

16.     Such request was for a reasonable accommodation that would have resulted in Mrs. Partin learning areas in which SHANE needed assistance, and then being able to provide SHANE such additional instruction and assistance after hours so that he could be successful in carrying out his duties during work hours.

17.     COLON did not respond to Mrs. Partin's email, and instead Mrs. Partin received a response from LCSO's legal department on February 28, 2018 wherein John Holloway, legal counsel for LCSO, informed Mrs. Partin that her involvement with SHANE "raises several complicated legal issues" and he further informed Mrs. Partin LCSO would not accommodate SHANE by providing her copies of SHANE's training documents or otherwise keeping her informed as to SHANE's progress.

18.     Thereafter LCSO refused and failed to correspond with Mrs. Partin in her attempts to assist SHANE to progress in his position with LCSO.

19.     Furthermore, immediately after Mrs. Partin, through her communications, made it known to LCSO and COLON that SHANE had a disability and she would be assisting SHANE, SHANE's co-workers began bullying, harassing and retaliating against SHANE.

20.     They interfered with his ability to perform his job duties by preventing him access to the records room and forced him into going off facility to buy lunch for them.

21.     They would not allow him to eat lunch with them, and instead forced him to eat lunch in the back of the gym by himself.

22.     On "Donut Day" they would not allow him to go into the records room to get a donut, and instead made him knock, and cracked open the door and handed him a donut though the door.

23.     On March 27, 2018 SHANE requested that he and Mrs. Partin have a meeting with the Human Resources department at LCSO.

24.     The request, however, was ignored.

25.     The badgering persisted, so a week later, on April 4, 2018, SHANE again requested a meeting between he, Mrs. Partin and a representative of the Human Resources department.

26.     Two days later Human Resources finally responded to SHANE's request and granted him a meeting 3 days later.

27.     When SHANE appeared at the meeting, LCSO had a human resources representative and two attorneys at the meeting.

28.     Instead of addressing SHANE's concerns about bullying and badgering from his co-workers, one of the attorneys informed him, effective that day, he was being moved into a "newly created" position wherein he would be working solely with violent sex offenders who had been convicted of sex offenses.

29.     At the meeting there was no mention of SHANE's work product being below acceptable standards or that he was having any other difficulties in his abilities to perform his tasks.

30.     Despite concerns about sitting in a locked room with convicted violent felons, SHANE was determined to be successful and productive at his new position.

31.     LCSO put SHANE in a locked room where he would meet with violent sex offenders without any barrier between him and the sex offenders, and without any safety measures, including a panic button or working surveillance cameras.

32.     He had previously been working in records behind plexiglass, but once he and Mrs. Partin made it known that Mrs. Partin was involved and that they wanted a meeting with Human Resources, LCSO put him in a "new position" in a locked room with violent felons, no barrier, and no safety measures in place.

33.     Not only did COLON and LCSO retaliate by moving SHANE into a dangerous position, LCSO employees again began trying to intimidate SHANE by telling him the felons were dangerous and that he needed a weapon in case they attacked him.

34.     Legal counsel for LCSO stopped SHANE in the hallway and suggested SHANE should be afraid for his life in the "new position."

35.     Legal counsel asked SHANE if he was going to sue LCSO for having placed SHANE is such a dangerous and precarious position.

36.     Other employees suggested to SHANE that he was going to be hurt or injured in the "new position" and that he had better hire a good attorney when it happened.

37.     Such constant badgering and scare tactics caused SHANE anxiety and stress at the thought he might be injured by one of the sex offenders.

5

38.     Some of the co-workers then falsely reported to his supervisor that he had a weapon in his office, however this accusation was determined to be false when it was discovered SHANE simply had a bat from the Miracle baseball team as a decoration in his office.

39.     The intimidation tactics continued until LCSO terminated SHANE on May 2, 2018 for allegedly failing get along with his co-workers, the same co-workers that refused to allow SHANE to join them on "Donut Day" and who forced him to eat lunch in the back of the gym by himself.

40.     SHANE is a "qualified individual with a disability" as that term is defined in ADA § 101(8) (42 U.S.C.A. § 12111(8)).

## COUNT I: VIOLATION OF 42 U.S.C. §12203(a)
## FOR RETALIATION BY LCSO AND COLON

41.     Plaintiff re-alleges and re-avers the allegations in paragraphs 1 through 40 as if fully set forth herein.

42.     On February 16, 2018 Plaintiff informed COLON and LCSO of his disability and requested reasonable accommodations in the form of assistance from a job coach, Mrs. Partin.

43.     In response to LCSO and COLON being informed of such request, its employees began harassing, badgering and intimidating SHANE, and further began interfering with his ability to carry out his job duties in violation of 42 U.S.C.A. § 12203(b).

44.     On March 27, 2018 SHANE asked to set up a meeting between he, Mrs. Partin and a representative of the human resources department to discuss and remedy the issues he was having with his co-employees.

45.     Such request was ignored, so SHANE again on April 4, 2018 SHANE requested a reasonable accommodation by having a representative of the LCSO Human Resources department meet with he and Mrs. Partin to discuss issues he was having with co-employees.

6

46.     Such request to have Mrs. Partin present at the meeting and otherwise involved was a request for a reasonable accommodation as set forth in 42 U.S.C.A. §§ 12101 et seq.

47.     In response to SHANE's request, however, LCSO retaliated against SHANE by demoting him and placing him in an unsafe, undesirable position wherein he was working directly and face-to-face with violent felony offenders inside a locked office with no barrier between he and the violent felons and without any safety measures being implemented.

48.     Such demotion was in retaliation for SHANE having sought to end the constant harassment and intimidation tactics employed by his co-workers, all of whom were employees of LCSO, and all of whom were under the supervision of COLON.

49.     Such harassment and intimidation tactics are unlawful under 42 U.S.C.A. §§ 12101 et seq.

50.     Such retaliation by LCSO and COLON violates 42 U.S.C.A. § 12203(a), and SHANE has been damaged as a direct result of the retaliation by LCSO and COLON.

51.     SHANE has retained the below-named attorney and law firm and has incurred, and will continue to incur, attorney fees and costs related to the prosecution of this case. SHANE seeks reimbursement for same pursuant to 42 U.S.C.A. §§ 12101 et seq..

WHEREFORE, the Plaintiff, SHANE WORTH, demands a judgment against LCSO and COLON for damages, reasonable attorney fees, costs, lost wages, and such other relief deemed just and equitable by this Court.

## COUNT II: VIOLATION OF 42 U.S.C. §12203(b) FOR INTIMIDATION, COERCION AND INTERFERENCE BY LCSO AND COLON

52.     Plaintiff re-alleges and re-avers the allegations in paragraphs 1 through 40 as if fully set forth herein.

7

53.     On February 16, 2018 Plaintiff informed LCSO of his disability and requested reasonable accommodations in the form of assistance from a job coach, Mrs. Partin.

54.     In response to LCSO being informed, its employees began harassing, badgering and intimidating SHANE, and further began interfering with his ability to carry out his job duties.

55.     On March 27, 2018 SHANE asked to set up a meeting between he, Mrs. Partin and a representative of the human resources department to discuss and remedy the issues he was having with his co-employees.

56.     Such request was ignored, so SHANE again on April 4, 2018 SHANE requested a reasonable accommodation by having a representative of the LCSO Human Resources department meet with he and Mrs. Partin to discuss issues he was having with co-employees.

57.     Such request to have Mrs. Partin present at the meeting and otherwise involved was a request for a reasonable accommodation as set forth in 42 U.S.C.A. §§ 12101 et seq.

58.     In response to SHANE's request, however, LCSO demoted SHANE and placed him in an unsafe, undesirable position wherein he was working directly and face-to-face with violent felony offenders inside a locked office with no barrier between he and the violent felons and without any safety measures being implemented.

59.     Almost immediately after he was demoted his co-workers again began intimidating and harassing SHANE by telling him he was not safe and that the violent felons with whom he was working were going to hurt him.

60.     They told him he needed a weapon in order to be safe, and subsequently falsely reported that he had a weapon which would have been in violation of LCSO procedures.

61.     Such false accusations were simply an attempt by his co-workers to cause trouble for SHANE and interfere with his ability to perform his duties.

62.     In fact, all such harassment tactics interfered with SHANE's ability to perform his job duties.

63.     Such harassment and intimidation tactics are unlawful under 42 U.S.C.A. §§ 12203(b).

64.     SHANE has had to hire the below-named attorney and law firm and has incurred, and will continue to incur, attorney fees and costs related to the prosecution of this case, and SHANE seeks reimbursement for same pursuant to 42 U.S.C.A. §§ 12101 et seq..

WHEREFORE, the Plaintiff, SHANE WORTH, demands a judgment against LCSO and COLON for damages, reasonable attorney fees, costs, lost wages, and such other relief deemed just and equitable by this Court.

## DEMAND FOR A JURY TRIAL

Plaintiff demands a trial by jury on all issues wherein a trial by jury is permitted by law.

Respectfully submitted,

**ALOIA, ROLAND, LUBELL & MORGAN, PLLC**
*Attorneys for Defendants*
2222 Second Street
Fort Myers, FL 33901
Telephone: (239) 791-7950
Facsimile: (239) 791-7951
jmorgan@lawdefined.com
kturner@lawdefined.com
hmorawski@lawdefined.com

By: _s/ Jack C. Morgan III_____
      JACK C. MORGAN, III, ESQ.
      Florida Bar No.: 0126527